PER CURIAM.
Appellant challenges his conviction for carrying a concealed firearm contrary to section 790.01(2), Florida Statutes (1989). We affirm.
Appellant argues, among other things, that the firearm at issue was not concealed as a matter of law. It was the uncontro-verted testimony of the arresting officer that the firearm was placed underneath a portable ventilation cushion next to the door on the driver’s side of a pick-up truck; the butt of the gun was facing outward and the seat cushion was slightly raised. *799 The officer saw the firearm after appellant opened the locked truck door.
In Ensor v. State, 403 So.2d 349 (Fla.1981), the supreme court held that section 790.001 does not require a showing of absolute invisibility. Instead, a firearm is concealed when it is on or about the person and hidden from the ordinary sight of another person; that is, a firearm must be physically on the person or readily accessible to him, and it must be hidden from the casual and ordinary observation of another in the normal associations of life. Id. at 354. Whether a firearm is concealed is to be determined by the trier of fact under the circumstances of each case. Id. at 355.
From the record before us, we cannot say that the firearm at issue was so positioned that it could not be considered concealed. The case was properly submitted to the jury both on the “concealment” and the “carrying” elements of the offense. We find the remaining issues to also be without merit.
Accordingly, appellant’s conviction is AFFIRMED.
BOOTH, SMITH and JOANOS, JJ., concur.